Giles, Linda E., J.
Introduction
On October 2, 2007, plaintiff Dean Davenport (“plaintiff’), individually and on behalf of all other shareholders similarly situated, filed this class action complaint in connection with the proposed sale of defendant 3Com Corporation (“3Com” or “Company”) to defendants Diamond II Holdings, Inc., and Diamond II Acquisition Corp. (collectively, “Diamond defendants”). He also has sued 3Com’s chairman of the board, Eric A. Benhamou, and its president and chief executive officer, Edgar Masri, along with the six members of the board of directors, Gary T. DiCamillo, Paul G. Yovovick, Raj Reddy, James R. Long, Mao Yu Lang, and Dominique Trempont (collectively, “3Com defendants”).
The 3Com defendants and the Diamond defendants have brought motions to dismiss the complaint or, in the alternative, to stay proceedings, arguing that five virtually identical class actions have been filed in Delaware and that this court should defer to the litigations already pending in that state. After hearing, and for the reasons set forth below, the defendants’ motions are ALLOWED IN PART and DENIED IN PART.
*437 Background
3Com is a Delaware corporation headquartered in Marlborough, Massachusetts. According to the plaintiff, 3Com was one of the “highest flying stocks” in the U.S. stock market in the late nineties and continues to be a successful business. As of July 27, 2007, there were 399,503,000 shares of the Company’s common stock outstanding. The plaintiff, a resident of Arkansas, currently owns 100,000 shares.
On September 28, 2007, the Company announced that it had entered into a merger agreement for acquisition by the Diamond defendants, affiliates of Bain Capital Partners, LLC, for $5.30 per share in cash. The plaintiff claims that the 3Com defendants breached their fiduciary duty to the public shareholders, aided and abetted by the Diamond defendants, by failing to maximize shareholder value and disclose adequate information to the shareholders in connection with the proposed buyout.
On the day of the Company’s announcement, 3Com shareholders filed two actions in the Delaware Court of Chancery, Fisk v. 3Com Corp. et al., Case No. 3256, and Bendit v. 3Com Corp. et al., Case No. 3258. On October 1, 2007, a third action, Tansey v. 3Com Corp. et al., Middlesex Superior Court Docket No. 07-3768-C, was filed in this court. On October 2, 2007, the plaintiff filed the instant action; and another action, Litvintchouk v. Mao et al., Case No. 3264, was filed in Delaware. Since October 3, 2007, two more actions, Kadlec v. 3Com Corp. et al., Case No. 3268, and Kahn v. 3Com Corp. et al., Case No. 3286, have been filed in Delaware. All seven pending lawsuits are virtually identical: they are all putative class actions arising out of the proposed merger transaction, alleging breach of fiduciary duty and aiding and abetting a breach of fiduciary duty, and seeking substantially the same relief (declaratory and injunctive relief and damages). On October 11, 2007, the parties to the five Delaware lawsuits agreed to consolidate the complaints; those actions are awaiting class certification.
The 3Com and Diamond defendants are moving to dismiss the plaintiffs complaint or, in the alternative, to stay proceedings pending class certification in Delaware. They argue that the same issues presented here will be litigated in Delaware pursuant to Delaware law and, therefore, that prosecuting the action here could raise the specter of needlessly duplicative and conflicting legal rulings. The plaintiff counters that 3Com has strong connections to Massachusetts, whose courts are perfectly capable of interpreting and applying Delaware law.
Discussion
This court admits to a paucity of guidance in this arena. Presumably because of the preemptive nature of this request for relief, the parties are unable to provide me with any precedential authority supporting their respective positions. There is no federal statutory scheme, such as the Parental Kidnapping Prevention Act of 1980, 28 U.S.C. §1738A, which preempts conflicting interstate custody disputes, on which to rely. The Massachusetts Rules of Civil Procedure provide for dismissal of a complaint only if there is a prior action pending “in. a court of the Commonwealth” Mass.R.Civ.P. 12(b)(9) (emphasis added). The doctrine of forum non conveniens, as embodied in G.L.c. 223A, §5, is misplaced because only 3Com has any ties to Massachusetts; and, as a moving party, the Company is not heard to complain. Given that there is yet no final judgment to which to accord full faith and credit, even the notion of comity among the states seems inapposite.
Although these various laws do not quite fit the bill in this matter, the principles underlying them are instructive. While not wishing to punish the plaintiff for losing the race to the courthouse, the court is mindful of the fact that Rule 12(b)(9) manifests a prioritizing, at leasf^ in Massachusetts, of first-filed litigation. See Mass.R.Civ.P. 12(b)(9). The court also must be sensitive to the need for predictability in the resolution of disputes. Since these seven lawsuits are virtually identical, multiple litigation in three different sessions in two states runs the risks of conflicts and inconsistencies in the courts’ rulings on discovery, class certification, and other substantive matters and a waste of judicial and party resources.
Moreover, comity among the states is to be encouraged; each state should have respect for the capabilities of another’s tribunals. It is uncontroverted that the law of Delaware, the state of incorporation, will be applied in all these actions. See First Nat’l. City Bank v. Banco Para El Comercio Exterior de Cuba, 462 U.S. 611, 621 (1983); Harrison v. Netcentric Corp., 433 Mass. 465, 472 (2001). While it is true that this court is capable of interpreting and applying Delaware law, see Kessler v. Sinclair, 37 Mass.App.Ct. 573, 575 (1994), it is not unreasonable to defer to the Delaware court’s greater expertise in dealing with its own laws.
The plaintiff has provided no support for his bald assertion that Delaware will be a more favorable jurisdiction for the defendants. In fact, no prejudice will befall him at all if, in an exercise of discretion, this court grants the less drastic remedy of a stay. The plaintiff can join the Delaware litigation and will be a member of any class certified in that state. When the issue of class certification is resolved by the Delaware court, he can seek leave to revisit the necessity of a continued stay here.
ORDER
For all the foregoing reasons, it is hereby ORDERED that the motions to dismiss of the 3Com defendants and the Diamond defendants be DENIED but that their alternative motions for a stay of proceedings be ALLOWED. It is further ORDERED that these proceedings be stayed pending the resolution of class certification in the Delaware court, at which time any party here *438 may seek to have the presiding judge in this session reassess the appropriateness of a continued stay.